AO 245B (SCDC Rev. 09/19) Judgment in a Criminal Case, Sheet 1

# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>Katrina Marie Aliff | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number: <u>6:19cr00829-1</u><br><br>US Marshal's Number: 34595-171<br><br>S. Harrison Saunders<br>Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count <u>2</u>.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of the following:

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Date Offense Concluded</u> | <u>Count Number</u> |
|---|---|---|---|
| 18:2423(a) | Please see indictment | 9/8/19 | 2 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

■ Count(s)1 ■ is dismissed on the motion of the United States.

■ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in eonomic circumstances.

<u>December 3, 2021</u>
Date of Imposition of Judgment

S/ Timothy M Cain
Signature of Judge

<u>Timothy M. Cain, United States District Judge</u>
Name and Title of Judge

<u>December 3, 2021                    </u>
Date

AO 245B (SCDC Rev.09/19) Judgment in a Criminal Case, Sheet 2 - Imprisonment

DEFENDANT: <u>Katrina Marie Aliff</u>
CASE NUMBER: <u>6:19cr00829-1</u>

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>TEN (10) YEARS</u>. The defendant shall receive credit for time spent in incarceration from her arrest date of September 8, 2019.

■    The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the defendant receive any appropriate mental health treatment while incarcerated including any treatment that addresses the defendant's autism.
It is recommended that the defendant serve her term of imprisonment at the Federal Medical Center in Lexington, Kentucky.

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ at a.m./p.m. on.

     ☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on

     ☐ as notified by the United States Marshal or

     ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this Judgment.

                                                     UNITED STATES MARSHAL

                    By _____
                                 Deputy United States Marshal

AO 245B (SCDC Rev.  09/19) Judgment in a Criminal Case, Sheet 3 - Supervised Release

DEFENDANT: Katrina Marie Aliff
CASE NUMBER: 6:19cr00829-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of LIFE.

    1. You must have no unsupervised contact, whether verbal, written, or electronic, with minors (persons under the age of 18) except: (1) in the presence of a parent or legal guardian of the minor, or approved chaperone, whom the defendant must notify of his/her convictions and prior history, and (2) with the approval of the U.S. Probation Officer. This does not include fleeting, incidental contact with minors engaged in food service, retail, or similar activity, with whom you must interact to obtain ordinary commercial services. If the defendant unexpectedly comes into contact with a minor, he/she must immediately remove themselves from the situation and notify the U.S. Probation Officer.

    2. You must not be employed or volunteer in any activity that involves direct or indirect contact with minors, such as youth sports leagues or scouting. In no circumstances may the defendant be in a position of trust or authority over a minor without express permission from the U.S. Probation Officer.

    3. You must have no direct or indirect contact with any victim(s), any member of a victim's family, or affected parties in this matter unless specifically authorized by the U.S. Probation Officer.

    4. You must submit to a psycho-sexual evaluation by a qualified mental health professional approved by the U.S. Probation Officer. The defendant must complete any recommended treatment and abide by all of the rules, requirements, and conditions of any recommended treatment program, to include mental health treatment if deemed necessary, until discharged. The defendant must take all medications as prescribed. The defendant must contribute to the costs of any treatment, in an amount determined reasonable by the U.S. Probation Office's "Sliding Scale for Services," and must cooperate in securing any applicable third-party payment, such as insurance of Medicaid.

    5. You must not use, possess, or obtain a computer, as defined in 18 U.S.C. §1030(e)(1), or any electronic device that can be linked to a computer network, the internet, internet service provider, or electronic exchange format unless approved by the U.S. Probation Officer. This prohibition includes, but is not limited to, internet capable cellular phones, online gaming consoles, web cameras, or other devices that allow online image sharing or messaging. Unapproved electronic devices will be considered contraband subject to immediate search and/or seizure by the U.S. Probation Officer. This does not apply to computers or other network- or internet-capable devices kept and maintained on the premises of your workplace, educational facility, or library. You may use these devices only for their intended purposes. If your work or school provides you with a network- or internet-capable device for off-premises use, that device must be reported to your probation officer and will be subject to approval and monitoring as if it were your personal device.

6. If computer use is approved, you must allow the U.S. Probation Officer, or his/her designee, to install software designed to monitor computer activities on any electronic device you are authorized to use. This may include, but is not limited to, software that may record any and all activity on personal computers (as defined in 18 U.S.C. §1030(e)(1) you may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. Any approved equipment must be compatible with the monitoring software used by the U.S. Probation Office, and you must permit the Probation Officer to do a preliminary computer search to confirm compatibility. You must contribute to the costs of the computer monitoring.

7. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

8. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computer (as defined in 18 U.S.C. §1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

9. With the exception of on-premises work, school, and library computers, as described above, you may not use any computer except the one approved by the U. S. Probation Officer. You may not install any programs designed to encrypt data of any kind or designed to defeat or circumvent monitoring software. You may not use any social networking accounts without the approval of the U.S. Probation Officer. You must provide complete computer use information to the U. S. Probation Officer, including, but not limited to, all passwords, internet service providers, email addresses and accounts, and current and former screen names.

10. You must permit periodic, unannounced examination of your computer, storage media, and other electronic or internet-capable devices, in a reasonable time and manner, based on the Probation Officer's reasonable suspicion of a violation of conditions relating to computer use. You must provide express, written authorization for release of information from your internet service provider.

11. You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. §16901, et seq.) as described by the U.S. Probation Officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

12. You must submit to periodic polygraph testing at the discretion of the U.S. Probation Office as a means to ensure your compliance with the requirements of supervision or treatment program. You must contribute to the costs of any treatment, in an amount determined reasonable by the U.S. Probation Office's "Sliding Scale for Services," and must cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

13. You must not possess, access, subscribe to, or view any videos, magazines, literature, photographs, images, drawings, video games, or Internet web sites depicting children in the nude and/or engaged in sexual activity, and may not patronize businesses or places whose primary purpose is to provide such sexually-oriented material or entertainment. The defendant must not possess any materials depicting and/or describing "child pornography" and/or "simulated child pornography" as defined in 18 U.S.C. §2256. The defendant must not enter a place where such materials can be obtained or viewed, electronically or otherwise.

14. You must submit to substance abuse testing to determine if you have used a prohibited substance. You must contribute to the cost of such program not to exceed the amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services," and you will cooperate in securing any

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (SCDC Rev. 09/19) Judgment in a Criminal Case, Sheet 3A- Supervised Release

DEFENDANT: Katrina Marie Aliff
CASE NUMBER: 6:19cr00829-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines, based on your criminal record, personal history or characteristics that you pose a risk to another person (including and organization), the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245B (SCDC Rev. 09/19) Judgment in a Criminal Case, Sheet 5 - Criminal Monetary Penalties

DEFENDANT: Katrina Marie Aliff
CASE NUMBER: 6:19cr00829-1

# CRIMINAL MONETARY PENALTIES

Make all checks and money orders
payable to "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **Totals:** | **$ 100.00** | **$ N/A** | **$ N/A** | **$ N/A** | **$ N/A** |

☐ The determination of restitution is deferred until **N/A**. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | ***__Total Loss ($)__** | **Restitution Ordered ($)** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **Totals** |  |  |  |

Restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . $ N/A

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived for the ☐ fine  ☐ restitution.

    ☐ The interest requirement for the ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (SCDC Rev. 09/19) Judgment in a Criminal Case, Sheet 6 - Schedule of Payments

DEFENDANT: Katrina Marie Aliff
CASE NUMBER: 6:19cr00829-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than [Not later than], or

    ☐ in accordance with    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B  ☐  Payments to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ E below); or

C  ☐  Payments in [C - Equal, weekly, monthly, quarterly?] (e.g., equal, weekly, monthly, quarterly) installments of $[C - Installment amount (no $)] over a period of [C - How many months or years] (e.g., months or years), to commence [C - Installment starts ? days] (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payments in [D - equal, weekly, monthly, quarterly] (e.g., equal, weekly, monthly, quarterly) installments of $[D - Installment amount (no $)] over a period of [D - How many months or years] (e.g., months or years), to commence [D - Installment starts ? Days] (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within [E - commencement of payment (30 or 60 days) (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties: [Special instructions]

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
    Defendant and Co-Defendant names and case numbers (including defendant number), total amount, joint and several amount, and corresponding payee, if applicable.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in property to the United States as directed in the Preliminary Order of Forfeiture, filed and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.